**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Clark Buchanan, II, | No. CV-22-01482-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Randhir Gandhi, et al., | |
| Defendants. | |

Before the Court are multiple motions.  Plaintiff John Clark Buchanan II filed his original Complaint on September 1, 2022.  (Doc. 1.)  Defendants Randhir Gandhi and Select Portfolio Services Inc. ("SPS") filed a Motion to Dismiss ("MTD") the original Complaint on September 22, 2022.  (Doc. 10.)  During the pendency of these motions, Plaintiff filed his First Amended Complaint on October 17, 2022.  (Doc. 13).  Plaintiff's original Complaint and all relating responsive motions are therefore inoperative and rendered moot.   As such, Defendants Gandhi and SPS' MTD Plaintiff's original Complaint is denied as moot.  (Doc. 10.)

However, the Court grants in part Plaintiff's "Motion to Extend Time from November 30 for Service & Response to 60 Days Additional, Storms Took Out 14 Trees Up to 3 Feet at Base Blocking Plaintiff's Driveway, Due to Complexities to Get Rule 4 Waivers Served in Different States, Power Outages, Internet Failures, and Medical Procedures to be Done to Plaintiff Buchanan" (Doc. 15) for the reasons discussed herein. But the Court denies the following pending motions by Plaintiff for the reasons discussed

below: (1) "Motion to Strike All Answers and Pleadings of Defendants" (Doc. 14); and (2) "Motion, Letter of Request to Allow Amended Complaint to All Defendants and New Summons Sent to Plaintiff to Perfect and Re-do Rule 4 Process Objection to all pages of Buchalter Motions & Oppositions, et al." (Doc. 18.)

Finally, the Court grants Defendants Gandhi and SPS' MTD Plaintiff's First Amended Complaint (Doc. 25), as well as Defendants Buchalter, a Professional Corporation ("Buchalter"), Buzzi L. Shindler, and Stephen F. Best's MTD Plaintiff's First Amended Complaint (Doc. 26) for the foregoing reasons.

## I.       BACKGROUND

On July 26, 2005, Plaintiff and Bank of America, N.A. ("BANA") executed a Promissory Note titled "Bank of America Equity Maximizer Agreement and Disclosure Statement" ("Loan Agreement"), which detailed Plaintiff's $150,000 credit line to purchase the property in question. (*See* Docs. 25 at 2–3.) Plaintiff agreed to pay the total of all credit advances and the costs and expenses that secured his credit line. (Docs. 9 at 3; 9-1 at 2.) The Promissory Note was secured by a Deed of Trust. (*See* Doc. 25-1 at 2–9.) The Deed of Trust was signed by Plaintiff and Theresa Buchanan. (Doc. 25 at 3.) On August 15, 2005, the Deed was recorded in the Pinal County Recorder's Office as Instrument No. 2005-104177. (*Id.*)

BANA executed a Notice of Substitution of Trustee on August 10, 2016, naming Quality Loan Service Corporation as the Substitute Trustee under the Deed of Trust. (*Id.*; Doc. 25-1 at 11.) BANA recorded the Notice of Substitution of Trustee with the Pinal County Recorder's office. (*Id.*) On December 27, 2019, BANA assigned all interests in the property to the beneficiary through its servicing agent, Defendant Select Portfolio Servicing, Inc. ("SPS"). (Docs. 25 at 3; 25-1 at 13.)

Plaintiff made timely payments under the Loan Agreement and corresponding Deed of Trust for nearly eleven years, ceased making regular and timely payments in 2016, and stopped making payments entirely in 2017. (*See* Doc. 25 at 3.) But specifically, Plaintiff's Complaint asserts that:

Beginning in 2005 and continuing until June, 2016 the plaintiff made timely payments to Bank of America; on time and never missing a payment; until Bank of America several times on a recorded line said, (via their Bank of America Agents) "Stop making payments". On a recorded line. In January of 2017 it was agreed by Bank of America Agents and I to pay $300 per month during bankruptcy direct to them for HELCO; this lasted until approximately October of 2017, then BANK OF AMERICA agents said approximately 7 times in multiple recorded conversations to stop making payments. So John-Clark: Buchanan II stopped making payments. Plaintiff Buchanan requested payment to stop from BOA in writing and never received anything.

(Doc. 13 at 13 ¶ 15.2.)

In 2019 SPS informed Plaintiff that he was in default of the Loan Agreement. (Doc. 25 at 4.)  On July 31, 2019 a Notice of Trustee's Sale of the Property was recorded with the Pinal County Recorder.  (*See id.*; Doc. 25-1 at 15–17.)   The Trustee's Sale was continued until September 6, 2022.  (Docs. 25 at 4; 25-1 at 19–21.)  Plaintiff received notice on June 21, 2022 that the Trustee's Sale was scheduled for September 6, 2022. (Docs. 13 at 14 ¶ 15.4; 25 at 4.)  The Trustee's Sale occurred on September 6 and title reverted back to the Beneficiary, MEB Loan Trust IV.  (Docs. 25 at 4; 25-1 at 25-1 at 23–26.)   MEB Loan Trust IV's deed conveying title was recorded in the office of the Pinal County Recorder.  (*Id.*)

Before the Court now, Plaintiff's Amended Complaint seeks 25.5 million in damages for non-judicial wrongful foreclosure.  (Doc. 13 at 2.)  Plaintiff alleges the following causes of action: (1) wrongful disclosure; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) violation of the Truth in Lending Act ("TILA"); (4) Breach of Contract; (5) violation of the federal trust and lien laws; (6) slander of title; (7) slander of credit; (8) infliction of emotional distress.  (Doc. 13 at 18–19.)  Defendants filed motions to dismiss all claims.

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure require complaints to possess "a short and plain statement of the claim showing that [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   Rule 8 also "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must also contain factual allegations that sufficiently support "a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausible claims are those in which a court can reasonably believe the defendants committed the alleged conduct. *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the [trial] court to draw on its judicial experience and common sense." *Id.* at 679.

On a motion to dismiss for failure to state a claim, a pro se plaintiff's pleadings are construed liberally. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Pro se plaintiffs, although subject to less stringent pleading standards, still may not support a cause of action with conclusory and vague allegations. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). If essential elements of a claim were not pled, a Court's liberal interpretation of the pleadings cannot cure the deficiencies. *Ivey*, 673 F.2d at 988.

## III.    DISCUSSION

### A.    Plaintiff's Motion to Amend and Mail First Amended Complaint and Summons

Plaintiff filed his Amended Complaint on October 17, 2022. Seven days later, Plaintiff filed a "Motion, Letter of Request to Allow Amended Complaint to All Defendants and New Summons Sent to Plaintiff to Perfect and Re-Do Rule 4 Process; Objection to All Pages of Buchalter Motions & Oppositions, et al." (*See* Doc. 18.) Defendants Gandhi, SPS, Buchalter, Shindler, and Best filed a Response. (Doc. 24.) Plaintiff requests: (1) Leave to mail out his Amended Complaint and new summons; (2) the Court's assistance with Rule 4 process; and (3) leave to Amend Complaint to add

Defendants Buchalter, Shindler, and Best.  (Doc. 18 at 2.)

Plaintiff has already filed his Amended Complaint in which Defendants acknowledge receiving electronic receipt.  (Doc. 24 at 3.)  Plaintiff's request to deliver service by mail is therefore moot.  Plaintiff also seeks assistance with Rule 4 summons service of process.  However, Defendants Gandhi and SPS have already provided Plaintiff with an executed Rule 4 Waiver.  (*See id.*)  Furthermore, Defendants attest that they are willing to providing a revised Rule 4 waiver for Buchalter, Shindler, and Best.  (*Id.*)  Regarding any objections Plaintiff has to Defendants' Rule 4 waiver omitting the case number and judge's name, Defendants submit willingness to amend upon Plaintiff's request.  (*Id.*)  Still, the Court finds this request moot as it will dismiss Plaintiff's First Amended Complaint without prejudice for the reasons discussed below.

Lastly, Plaintiff seeks leave to amend his original Complaint to add Defendants Buchalter, Shindler, and Best.  However, Plaintiff already filed his Amended Complaint with these exact changes seven days prior to filing this Motion.  Defendants request the Court dismiss Plaintiff's First Amended Complaint with leave to amend to satisfy Local Rule of Civil Procedure 15.1.  Specifically, Defendants argue that Plaintiff's First Amended Complaint does not attach a copy of the proposed amended pleading as an exhibit and lacks a highlighted copy of the First Amended Complaint's modifications.  (*See id.*; Doc. 24 at 4.)  Defendants are correct that Plaintiff did not satisfy the filing requirements of Local Rule 15.1.  Nevertheless, considering Plaintiff is pro se, no parties' substantive rights are affected by the error, and because Defendants have filed motions to dismiss the First Amended Complaint, the Court will not dismiss the First Amended Complaint on these grounds.  *See Pro. Programs Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("[T]he district court has broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake.")  The Court therefore finds Plaintiffs' Motion moot and rejects Defendants' arguments seeking dismissal of the First Amended Complaint.

**B.    Plaintiff's Motion for Extension of Time**

On October 17, 2022—the same day the First Amended Complaint was filed—Plaintiff filed a Motion to extend his time to serve the First Amended Complaint and submit any responsive pleadings regarding the Complaint.  (Doc. 15.)  Plaintiff alleged needing the extension because: (1) there are numerous Defendants without counsel; (2) Plaintiff has been ordered by the Court to serve all Defendants; (3) Plaintiff is proceeding pro se; (4) Plaintiff is seeking legal advice; (5) the lawsuit presents complex issues under federal law; (6) Plaintiff has been served with over one hundred pages to respond to by Defendants; (7) a storm knocked a three-foot tree across Plaintiff's driveway; and (8) Plaintiff needs additional for discovery with BANA.  (*Id.* at 2.)

Defendants Gandhi, SPS, Buchalter, Shindler, and Best filed a Response.  (Doc. 22.)  Defendants argue that Plaintiff's Motion is disingenuous because Plaintiff has demonstrated a capability of filing eight separate pleadings with the Court between October 17, 2022 and October 28, 2022.  (*Id.* at 2–3.)  Therefore, Defendants argue Plaintiff's request for additional time to file responsive pleadings to the original Complaint should be denied because Plaintiff has failed to show a good faith basis for the extension, and the Motion is moot because Plaintiff has completed service of his original Complaint.  (*Id.* at 4–6.)  Regarding the original Complaint, the Court agrees this Motion is moot.  However, Plaintiff filed his Motion for an Extension of Time immediately after filing the First Amended Complaint on October 17, 2022.  Because the First Amended Complaint rendered the original Complaint inoperative, and because Plaintiff is proceeding pro se, the Court liberally construes this Motion to encompass the First Amended Complaint and its responsive pleadings.  *Thompson*, 295 F.3d at 895.

Plaintiff has already served the First Amended Complaint, and the Court will be dismissing the Complaint below, so any request for an extension in that regard is moot.  However, the Court finds good cause to grant Plaintiff's Motion relating to filing responsive pleadings to the First Amended Complaint.  Plaintiff's Response to Defendants' MTD was only thirteen days late, and Plaintiff filed this Motion in advance

of his untimely filing.  (*See* Docs. 15; 32.)  The Court will therefore grant this Motion regarding Plaintiff's untimely Response (Doc. 34) relating to Defendants' MTD the First Amended Complaint.   To the extent Plaintiff is requesting additional time for discovery—which it is unclear to the Court—that request is premature as the Court has yet to issue a case management order.  Plaintiff has thus failed to demonstrate good cause to obtain expedited discovery at this time.  The Motion is denied in this regard.  *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001.)

### C.      Plaintiff's Motion to Strike

On the same day Plaintiff filed the First Amended Complaint, he also filed a "Motion to Strike All Answers and Pleadings of Defendants." (Doc. 14.)  Plaintiff makes five assertions: (1) Plaintiff has abided by the Court's previous Orders (*see* Docs. 7; 8); (2) Defendants have not filed a notice of appearance of counsel; (3) unlicensed attorneys may not represent a corporation in federal court; (4) Defendants' Rule 4 waiver fails to include the case number and judge's name; and (5) Defendants' emailed objections to Plaintiff do not match those he was mailed.  (Doc. 14.)  Plaintiff's Motion is nonsensical and has no factual or legal support.  Defendants' obligation to notice their appearance is satisfied by filing their MTD.  *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987); *see also Candrian v. RS Indus. Inc.*, No. CIV 13-088-TUC-CKJ, 2013 WL 6147223, at *5 (D. Ariz. Nov. 22, 2013).   Plaintiff has no evidence that Buzzi L. Shindler or Stephen F. Best are <u>not</u> licensed attorneys.  Nor has Plaintiff provided any evidence to support the last two allegations.  Plaintiff must stop making allegations he cannot support.  The Court accordingly denies Plaintiff's Motion as moot.

### D.      Defendants Buchalter, Shindler, and Best's MTD Plaintiff's First Amended Complaint

Defendants Buchalter, Shindler, and Best move to dismiss Plaintiff's Amended Complaint for failure to state a claim.   (Doc. 26 at 6.)  Defendants argue that despite Plaintiff filing his First Amended Complaint to add Defendants, Plaintiff alleges no

causes of action or misconduct by Defendants.  (*Id.*)  Moreover, Defendants argue it is impossible for Plaintiff's alleged causes of actions to apply to them because: (1) Defendants never met or had dealings with Plaintiff prior to this lawsuit; (2) Defendants were not involved when Plaintiff executed the Loan Agreement, when the Deed of Trust was secured, or the Trustees' sale's execution; (3) the First Amended Complaint exclusively relies  on allegations that occurred before the filing of the original Complaint; (5) the First Amended Complaint raises no factual allegations occurring after Defendants Gandhi and SPS' original MTD; and (6) none of Plaintiff's allegations are attributed to Buchalter, Shindler, or Best.  (*Id.* at 6–7.)

Plaintiff's Response was untimely under L.R. Civ. P. 7.2(c), but as discussed above, the Court grants Plaintiff's Motion for Extended Time for this pleading.  In his Response, Plaintiff references receiving harassing phone calls, paperwork on holidays and weekends, no one taking his calls regarding his mortgage, letters being delivered to his family members, unspecified entities refusing to discuss his alleged debt, and fraudulent recorded sales notices to his property—all of which occurred before Buchalter, Shindler, and Best became involved by representing Defendants Gandhi and SPS.  (*See* Doc. 32 at 9.)

The Court agrees that Plaintiff's Response fails to allege *any* cause of action or misconduct by Defendants Buchalter, Shindler, and Best.  Defendants' only involvement in this lawsuit occurred after the filing of Plaintiff's original Complaint when they became legal counsel for Defendants Gandhi and SPS.  Plaintiff's Amended Complaint makes no factual allegations regarding Defendants Buchalter, Shindler, Best, or the post-original Complaint timeframe.  (*See* Doc. 13.)  As a result, none of Plaintiff's factual allegations apply to these Defendants.  The Court therefore grants Defendants' MTD for failure to state a claim without prejudice.  *See* Fed. R. Civ. P. 8(a)(2); *see also Ashcroft*, 556 U.S. at 678–79.

1    **E.     Defendants Gandhi and SPS' MTD Plaintiff's First Amended**
2    **Complaint**

3          Defendants Gandhi and SPS filed a MTD Plaintiff's First Amended Complaint.
4    (Doc. 25.)  Defendants note that Plaintiff has not substantively amended his Complaint to
5    address pleading deficiencies raised in Defendants' MTD the original Complaint—
6    Plaintiff only amended the Complaint to name counsel-of-record as Defendants.  (*Id.* at
7    6–7.)  Therefore, Defendants again bring a MTD for failure to state a claim.  (*Id.* at 7.)

8                          1.      <u>Wrongful Foreclosure</u>

9          Plaintiff first alleges that "[t]he foreclosing party did not have standing to execute
10   the power of sale clause in the deed of trust, and therefore the non-judicial foreclosure is
11   void."  (Doc. 13 at 18.)  Defendants argue that Plaintiff fails to cite which specific
12   Defendant(s) he is alleging committed this cause of action.  (Doc. 25 at 7.)  The Court
13   agrees.  (*See* Doc. 13.)  Regarding Plaintiff's standing concern, Defendants presume
14   Plaintiff's claim and legal arguments are as follows: (1) "the attorney unlawfully singed
15   the notice of default on behalf of the trustee" and does not have a license to practice law;
16   (2) that the foreclosing party lacked legal authority to execute the power of sale clause in
17   the deed of trust; (3) "multiple companies together" conspired and collude to seize
18   Plaintiff's land; and (4) Plaintiff never owed any debt under the Loan Agreement.  (*See*
19   Doc. 13 at 6–8 ¶¶ 8.2, 8.5, 8.17, 8.22.)

20         When alleging that an attorney unlawfully signed the notice of default without a
21   license to practice law, Plaintiff does not allege which attorney he is referring to.  (Doc.
22   13 at 6.)  To state a claim for which relief may be granted, Plaintiff must allege which
23   Defendant committed the wrongdoing.  The Court also rejects Plaintiff's claim that no
24   attorney in the United States has a license to practice law.  Plaintiff cites to *Schware* as
25   legal authority, but that case does not stand for this nonsensical proposition. *See Schware*
26   *v. Bd. of Bar Exam'rs of State of N.M.*, 353 U.S. 232 (1957).

27         Plaintiff also argues that the foreclosing party lacked standing to execute the
28   power of sale in the deed of trust.  Along with failing to identify which Defendant(s) the

allegation is referring to, Plaintiff fails to support this allegation with any legal support. With nothing more than this vague conclusory allegation, Plaintiff has failed to state a claim. *Ivey*, 673 F.2d at 268. Furthermore, Plaintiff fails to state a claim for his conspiracy allegation. Plaintiff does not state which Defendants are involved, does not offer any factual allegations of support, evidence, or identification of such conduct, and does not allege the elements of conspiracy. Without more than a vague conclusory statement, Plaintiff has failed to state a claim for this allegation. *Id.*

Lastly, Plaintiff makes a conclusory allegation that he never owed any debt under the Loan Agreement. This is insufficient to state a claim. First, Plaintiff admits to receiving a loan of $150,000 under coercion of unidentified BANA agents, but then proceeds to allege he was never provided a loan, and that the debt is zero. (*See* Doc. 13 at 10 ¶¶ 13.2–13.3.) Plaintiff continues to contradict himself by admitting to making timely loan payments to BANA from early 2005–June 2016. (*Id.* ¶ 15.2.) Furthermore, as Defendants note, Plaintiff acknowledged the Loan Agreement and his debt owed to BANA when he executed the Deed of Trust. (*See* Docs. 25 at 9; 25-1 at 2–9.) For these reasons, the Court does not find Plaintiff's conclusory allegations that he owes no debt to BANA plausible on its face. Plaintiff has failed to state a claim for wrongful foreclosure. *See Ashcroft*, 556 U.S. at 678.

### 2.   Violation of the Fair Debt Collection Practices Act

Plaintiff next alleges that "the defendant violated one or more of the provisions contained in 15 U.S.C. §§ 1692a-1692." (Doc. 13 at 18.) The Court agrees with Defendants that the First Amended Complaint sheds little light on what specific claims Plaintiff is bringing under the FDCPA, or what specific provisions any allegations are being brought under. (*See* Doc. 13.) Plaintiff only appears to argue that unspecified Defendants violated the FDCPA by not being licensed in Arizona to be legal debt collectors, and were therefore engaging in "false, deceptive, and harassing debt collection tactics." (*Id.* at 16 ¶¶ 19.2–19.3, 19.8–19.9.)

Plaintiff fails to specify which Defendants he is referring to. To the extent

1    Plaintiff was referring to Defendants Gandhi and SPS, Defendants argue that they
2    maintain an active and valid Collection Agency License with the State of Arizona—
3    License #0951556.  (Doc. 25 at 10.)  Plaintiff's remaining conclusory allegations about
4    false, deceptive, and harassing debt collection tactics are unsupported by specific facts,
5    evidence, or any identified Defendants.  Plaintiff has therefore failed to state a claim
6    under the FDCPA.  *See Ivey*, 673 F.2d at 268.

7                    3.    Violation of the Truth in Lending Act

8          Plaintiff alleges that Defendant-attorneys McCarthy and Goulding violated the
9    Truth in Lending Act, Regulation Z, 12 C.F.F. § 226.23.  (Doc. 13 at 4 ¶ 3.1.)  However,
10   Defendants are correct that the TILA, Regulation Z, Section 226.23 imposes no
11   requirements upon lenders or their attorneys, it simply confers a right to rescind specific
12   transactions.  (*See* Doc. 25 at 11.)  Thus, Plaintiff has failed to state a valid cause of
13   action under the TILA.  *See Ashcroft*, 556 U.S. at 678.  Plaintiff also argues that
14   Defendants violated the TILA because the United States Supreme Court has held lawyers
15   are not licensed to practice law in this country.  (Doc. 13 at 4 ¶ 3.4.)  Plaintiff again cites
16   to *Schware* which as previously discussed, does not support this premise.  Furthermore,
17   Plaintiff fails to cite how an attorneys' alleged lack of licensure implicates the TILA.
18   Accordingly, the Court finds Plaintiff failed to cite a claim under the TILA.   *See Ivey*,
19   673 F.2d at 268.

20                    4.    Breach of Contract

21         Plaintiff's next allegation is that "the defendant is in breach of contract, as the
22   original debt was zero because the Plaintiff's financial asset was exchanged for FED'S
23   promissory notes in an even exchange of 10X face VALUE of note."  (Doc. 13. at 18.)
24   Plaintiff fails to identify which Defendant(s) the cause of action is against, or what
25   contract or provisions this action pertains to.  (*See id.* at 18–19.)  Defendants contend that
26   this cause of action presumably relates to the Loan Agreement, and the Court agrees.
27   (*See* Doc. 13 at 10 ¶ 13.1–13.2.)  Although Plaintiff alleges that he was coerced by
28   unidentified BANA agents to enter into the Loan Agreement, and that Plaintiff was never

provided a loan, BANA is not a named Defendant in this action.   (*Id.*)    In turn, Defendants argue that if Plaintiff's cause of action is indeed referring to the Loan Agreement, then this action is barred by Arizona's six-year statute of limitations period because the Loan Agreement was executed seventeen years ago.  *See* A.R.S. § 12-548; (*see also* Doc. 25 at 13.)   Additionally, Defendants argue Plaintiff admits to making timely loan payments to BANA for years under the terms of the Loan Agreement, rending his allegations of having zero contractual debt implausible.  (Doc. 25 at 13.)

Ultimately, the Court cannot identify any specific factual allegations where the named Defendants are alleged to have breached a contract with Plaintiff.   (*See* Doc. 13).  Plaintiff has also failed to allege factual allegations that would make the cause of action plausible.  Plaintiff has thus failed to state a claim for breach of contract.  *See Ashcroft*, 556 U.S. at 678.

### 5.   Violation of the Federal Trust and Lien Laws

Plaintiff alleges that "[t]he defendant violated the Federal Trust and Lien Laws when Veronica Eisert signed on behalf of the trustee, QUALITY LOAN SERVICE CORPORATION; without legal authorization." (Doc. 13 at 19.)  Plaintiff amended this section to specifically reference Defendant Eisert.  Defendants argue this cause of action pertains to Eisert, not them. (Doc. 25 at 14.)  The Court agrees.  The Court also finds that Plaintiff has failed to allege or cite to what "Federal Trust and Lien Laws" were violated.  For these reasons, Plaintiff has failed to state a claim under Count Five against Defendants Gandhi and SPS.  *See Ivey*, 673 F.2d at 268.

### 6.   Slander of Title

In Count Six, Plaintiff alleges that "defendants have caused to be recorded various documents . . . including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title. Plaintiff cannot get a loan or funding with myriad of fictitious and fraudulently concocted documents being recorded against plaintiff." (Doc. 13 at 19.)  In Arizona, the required elements of slander of title are: (1) the uttering and publication of slanderous words by the defendant, (2) the falsity of the words, (3) malice,

and (4) special damages.  *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 770 (D. Ariz. 2012).  Plaintiff fails to allege which Defendant(s) made the alleged slander, what the alleged slander was, how it was false, or any alleged malice by Defendant(s).  The Court cannot liberally interpret Plaintiff's Complaint to satisfy these elements when the necessary allegations are absent.  *Ivey*, 673 F.2d at 268.  Plaintiff has therefore failed to state a claim for slander of title.

7.   <u>Slander of Credit</u>

Plaintiff next alleges that "the actions and inactions of the defendants have impaired their credit. By filing recorded documents with false information concerning payments not made; when they were made."  (Doc. 13 at 19.)  Plaintiff also alleges that Defendant SPS transmitted false adverse information about Plaintiff to various credit reporting agencies, therefore impairing his credit.  (*Id.* at 14 ¶ 15.5.)  Defendants counter that Arizona does not recognize a cause of action entitled "slander of credit," and Plaintiff has provided no legal authority to the contrary.  *See Snyder*, 913 F. Supp. 2d at 778.

However, Defendants cite that if there were such a cause of action in Arizona, the elements would be:

> (1) the defendant made a false defamatory statement about plaintiff, (2) the defendant published the statement to a third party, and (3) defendant knew the statement was false, acted in reckless disregard of whether the statement was true or false, or negligently failed to ascertain the truth or falsity of the statement.

*Id.* (quoting *Farrell v. Hitchin' Post Trailer Ranch*, 2011 WL 6057930, at *2 (Ariz. Ct. App. Dec. 6, 2011).  Plaintiff does not allege what false and misleading information SPS published, every party or entity the publication was made to, why the publication was false, any evidence or acts of malice or knowledge of falsity on behalf of SPS, or the specific damage that resulted to Plaintiff's credit as a direct result of Defendant's alleged slander.  *Id.*  For these reasons, Plaintiff has failed to state a claim for slander of credit.  *Ivey*, 673 F.2d at 268.

8.  Intentional and/or Negligent Infliction of Emotional Distress

Lastly, Plaintiff alleges that unspecified Defendants intentionally or negligently sent up to 30 letters a day and 70 a week to Plaintiff and his family, made harassing phone calls, and taped or stapled papers to his home.  (Doc. 13 at 19.)  Plaintiff further alleges that these actions caused him to develop diabetes, and as evidence of his received communications has attached an exhibit of numerous letters scattered on a table.  (*Id.* at 19; 38–40.)

To prove a claim of intentional or negligent infliction of emotional distress Plaintiff must demonstrate that: "(1) the conduct by defendant was 'extreme' and 'outrageous'; (2) the defendant either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from his conduct; and (3) severe emotional distress actually resulted from the defendant's conduct."  *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 746 (9th Cir. 2004).  The Court agrees with Defendants that the elements of this claim are not alleged.  (*See* Doc. 25 at 17–18.)  Plaintiff does not allege which Defendants this claim is against, which Defendants are responsible for which conduct, what the context or contents of the calls, letters, and papers were, why such communications caused Plaintiff emotional distress, or that Defendants acted with intent or recklessness.  (*See* Doc. 13.)  Therefore, Plaintiff has failed to state a claim for intentional or negligent infliction of emotional distress.  *Ivey*, 673 F.2d at 268.

## IV.  LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up).  Plaintiff's amended complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure.  Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint.  Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The amended complaint must be

retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov).  The Court also notes the E-Pro Se program which assists litigants with creating a complaint form, Welcome - eProSe (uscourts.gov).  Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "For Those Proceeding Without an Attorney."

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiff's "Motion, Letter of Request to Allow Amended Complaint to All Defendants and New Summons Sent to Plaintiff to Perfect and Re-do Rule 4 Process Objection to all pages of Buchalter Motions & Oppositions, et al." as moot.  (Doc. 18.)

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Extend Time from November 30 for Service & Response to 60 Days Additional, Storms Took Out 14 Trees Up to 3 Feet at Base Blocking Plaintiff's Driveway, Due to Complexities to Get Rule 4 Waivers Served in Different States, Power Outages, Internet Failures, and Medical Procedures to be Done to Plaintiff Buchanan" in part to cure Plaintiff's untimely responsive pleading (Doc. 32) to Defendants' MTD the First Amended Complaint. Furthermore, the Court denies Plaintiff's Motion as moot for every other request.  (Doc. 15.)

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Strike All Answers and Pleadings of Defendants" as moot.  (Doc. 14.)

**IT IS FURTHER ORDERED** dismissing Defendants' MTD Plaintiff's original Complaint as moot.  (Doc. 10.)

1    **IT IS FURTHER ORDERED** granting Defendants Gandhi, SPS, Buchalter,

2  Shindler, and Bests' MTD Plaintiff's First Amended Complaint **without prejudice**.

3  (Docs. 25; 26.)

4    **IT IS FURTHER ORDERED** granting Plaintiff leave to file a Second Amended

5  Complaint within thirty (30) days from the date of entry of this Order.

6    Dated this 10th day of May, 2023.

7

8

9

10                                 Honorable Susan M. Brnovich
                                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28