**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Clark Buchanan, II,<br><br>    Plaintiff,<br><br>v.<br><br>Randhir Gandhi, et al.,<br><br>    Defendants. | No. CV-22-01482-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Amended Emergency Motion for Temporary Restraining Order (Doc. 59). Plaintiff's Motion was denied on an ex-parte basis and the Court ordered a response and set a hearing. Defendants filed a response (Doc. 68), and a hearing was held on September 14, 2023.

**I.    BACKGROUND**

This is Plaintiff's third request for a temporary restraining order. The first was denied on November 18, 2022 and the second was denied on August 11, 2023. Plaintiff filed his third request on August 14, 2023.

On July 26, 2005, Plaintiff and Bank of America, N.A. ("BANA") executed a Promissory Note titled "Bank of America Equity Maximizer Agreement and Disclosure Statement" ("Loan Agreement"), which detailed Plaintiff's $150,000 credit line to purchase the property in question. (*See* Docs. 9 at 3; 9-1 at 2–3, 9.) The Promissory Note was secured by a Deed of Trust. (Docs. 9 at 3; 9-2 at 7.) The Deed of Trust was signed by Plaintiff and Theresa Buchanan. (Docs. 9 at 3; 9-2 at 2.) On August 15, 2005,

the Deed was recorded in the Pinal County Recorder's Office as Instrument No. 2005-104177. (Docs. 9 at 3; 9-2 at 2.) BANA executed a Notice of Substitution of Trustee on August 10, 2016, naming Quality Loan Service Corporation as the Substitute Trustee under the Deed of Trust. (Docs. 9 at 3; 9-3 at 2.) BANA recorded the Notice of Substitution of Trustee with the Pinal County Recorder's Office. (Docs. 9 at 3; 9-3 at 2.) On December 27, 2019, BANA assigned all interests in the property to the beneficiary through its servicing agent, Defendant Select Portfolio Servicing, Inc. ("SPS"). (Docs. 9 at 3–4; 9-4 at 2.) Plaintiff made timely payments under the Loan Agreement for eleven years, ceased making regular and timely payments in 2016, and stopped making payments entirely in 2017. (See Doc. 54 at 17.) Next, Defendants assert that between 2016 and 2021, either BANA or SPS offered loan assistance to Plaintiff. (*See* Docs. 9 at 4; 9-5; 9-6.) Defendants claim that Plaintiff either failed to provide the necessary documents or rejected the offers for loan assistance. (Doc. 9 at 4.) Defendants further claim that BANA and SPS provided notices to Plaintiff regarding potential foreclosure due to missed payments. (*Id.*) Defendants allege that on November 12, 2019, SPS delivered a letter to Plaintiff, informing Plaintiff that a foreclosure sale for his property was scheduled for December 4, 2019. (Doc. 9-6.) Ultimately, the foreclosure sale was continued for nearly three years, and the property was eventually sold on September 6, 2022. (See Docs. 9-7; 9-8.) In his third attempt, Plaintiff is asking for this Court to prevent the enforcement of the State Court Forcible Entry and Detainer judgment.

## II. LEGAL STANDARD

A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where the movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7

F.3d 1399, 1403 (9th Cir. 1993).

Unlike a preliminary injunction, a temporary restraining order ("TRO") may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue ex parte if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.*

### III. DISCUSSION

Plaintiff's Motion requests the Court to stop or stay Plaintiff's impending eviction. However, the Court finds that Plaintiff's claims fail to establish any of the four *Winter* factors for granting a TRO or permanent injunction.

**1. Success on Merits**

For the Court to grant a TRO, Plaintiff must demonstrate a likelihood of success on the merits. *Winter*, 555 U.S. at 20. Plaintiff has not shown that he is likely to succeed on the merits. Plaintiff argues that he has no contract with the party foreclosing on his property. However, Bank of America properly transferred the debt and assigned its rights under the Deed of Trust to MEB Loan Trust IV ("MEB"). Plaintiff was told that Bank of America could effectuate a transfer and assignment without prior notice under the loan agreement. (Doc. 9-1 at 7) Additionally, the Deed of Trust declares that the "Lender" means Bank of America, N.A., its successors and assigns and the "Trustee" includes any substitute or successor trustees. (Doc. 64 at 16–17) The Deed of Trust further says that in the event of default, "the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure." (Doc. 64 at 14) Bank of America executed a Notice of Substitution of Trustee on August 10, 2016 that appointed Quality Loan Service Corporation as successor trustee. (Doc. 64 at 20) It was Quality Loan Service Corporation who noticed the foreclosure sale, which is authorized in the Deed of Trust. The first Notice listed Bank of America, N. A. as the beneficiary.

The listed beneficiary changed to MEB after Bank of America assigned all its interest under the Deed of Trust to MEB in 2020. There is no likelihood of success on the merits of a claim that the party noticing the foreclosure sale was acting without authority. Next, Plaintiff challenges whether there is a debt owing. However, he pled in his Second Amended Complaint that he did take out a loan in 2005 and made payments on that loan until 2017. Plaintiff also seems to be arguing that because his debt was discharged in bankruptcy, Defendants are prevented from foreclosing. That is incorrect. The discharge relieves him from the obligation to pay, but the lien holder still has a lien on the real property and can foreclose. *See Diaz v. BBVA USA*, 504 P.3d 945, 950 (Ariz. Ct. App. 2022).

Finally, Plaintiff is challenging the forcible entry and detainer judgment from the Justice Court. "But this Court cannot act as an appellate court over a state court proceeding." *Jewell v. Countrywide Home Loans, Inc.*, No. CV 11-8042-PCT-JAT, 2012 WL 170942, at *3 (D. Ariz. Jan. 20, 2012). The Rooker-Feldman doctrine prohibits this Court from interfering with the forcible entry and detainer judgment entered by the state court. *Id.* at *3–4; *see also Busch v. Torres*, 905 F. Supp. 766, 771 (C.D. Cal. 1995) ("The gravamen of plaintiff's complaint is a challenge to the state court judgment in the unlawful detainer action and the subsequent enforcement of the judgment through the writ of possession. Under the Rooker-Feldman doctrine, this Court is precluded from reviewing that judgment and its execution."). The Court finds that Plaintiff has not shown a likelihood of success on the merits.

**2. Irreparable Harm**

Plaintiff argues there is irreparable harm because he has to have shoulder surgery and has other health problems. However, there is no risk if irreparable harm where no writ of restitution has issued commanding the Sheriff to remove Plaintiff.

**3. Balance of Equities**

To satisfy factor three of the *Winter* test, the balance of hardships must tip sharply in Plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1133 (9th Cir.

2011).  Plaintiff fails to demonstrate this.  As Defendants point out, between 2016 and 2021, Plaintiff was repeatedly contacted with offers for loan payment assistance by both BANA and SPS.  (Doc. 9 at 11.)  It was not until 2022 that Plaintiff faced a foreclosure sale and eviction.  As discussed above, Plaintiff fails to cite legal authority or articulable facts demonstrating any viable claim for unlawfulness on behalf of the Defendants or the property's foreclosure.  Plaintiff thus does not satisfy factor three.

### 4. Public Interest

"The public interest inquiry primarily addresses impact on non-parties rather than parties, and takes into consideration the public consequences in employing the extraordinary remedy of injunction."  *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1202 (9th Cir. 2022) (cleaned up).  Here, Plaintiff has failed to articulate facts or legal authority that supports a likelihood that Defendants acted under an invalid Loan Agreement, Deed of Trust, or secured interest in the property.  In contrast, Defendants have provided documents, factual allegations, and legal authority to support the lawfulness of the foreclosure sale—as well as nearly five years of collective efforts to provide Plaintiff with loan repayment assistance opportunities.  Courts will not find that a TRO is in the public interest when "it would shield debtors from the agreed-upon repercussions of a failure to repay debt." *Karam v. Specialized Loan Servicing LLC*, No. CV-22-00029-TUC-RCC, 2022 WL 2439220, at *2 (D. Ariz. July 5, 2022).  Plaintiff has not satisfied factor four.

### IV.    CONCLUSION

**IT IS ORDERED** denying Plaintiff's Amended Emergency Motion for Temporary Restraining Order (Doc. 59).

Dated this 20th day of September, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge