**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Clark Buchanan, II,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Randhir Ghandi, et al.,<br><br>　　　　　Defendants. | No. CV-22-01482-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendants' Randhir Gandhi, Select Portfolio Servicing Inc., and MEB REO Loan Trust IV (collectively, the "SPS Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") (Doc. 54) (Doc. 62) and Defendants' Buchalter, A Professional Corporation, Buzzi L. Shindler, and Stephen F. Best (collectively, the "Buchalter Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 64).  Finding that oral argument is not necessary to resolve the pending motions and having considered the parties' briefing and relevant case law, the Court will grant both Motions.

**I.　　FACTUAL BACKGROUND**

The Court set forth this case's factual background in its previous Order denying a Temporary Restraining Order ("TRO").  (*See* Doc. 86.)  For ease of reference, the Court now repeats that background here.

On July 26, 2005, Plaintiff and Bank of America, N.A. ("BANA") executed a Promissory Note titled "Bank of America Equity Maximizer Agreement and Disclosure

Statement" ("Loan Agreement"), which detailed Plaintiff's $150,000 credit line to purchase the property in question. (*See* Docs. 9 at 3; 9-1 at 2–3, 9.) The Promissory Note was secured by a Deed of Trust. (Docs. 9 at 3; 9-2 at 7.) The Deed of Trust was signed by Plaintiff and Theresa Buchanan. (Docs. 9 at 3; 9-2 at 2.) On August 15, 2005, the Deed was recorded in the Pinal County Recorder's Office as Instrument No. 2005- 104177. (Docs. 9 at 3; 9-2 at 2.) BANA executed a Notice of Substitution of Trustee on August 10, 2016, naming Quality Loan Service Corporation as the Substitute Trustee under the Deed of Trust. (Docs. 9 at 3; 9-3 at 2.) BANA recorded the Notice of Substitution of Trustee with the Pinal County Recorder's Office. (Docs. 9 at 3; 9-3 at 2.)

On December 27, 2019, BANA assigned all interests in the property to the beneficiary through its servicing agent, Defendant Select Portfolio Servicing, Inc. ("SPS"). (Docs. 9 at 3–4; 9-4 at 2.) Plaintiff made timely payments under the Loan Agreement for eleven years, ceased making regular and timely payments in 2016, and stopped making payments entirely in 2017. (*See* Doc. 54 at 17.) Defendants assert that between 2016 and 2021, either BANA or SPS offered loan assistance to Plaintiff. (*See* Docs. 9 at 4; 9-5; 9-6.) Defendants claim that Plaintiff either failed to provide the necessary documents or rejected the offers for loan assistance. (Doc. 9 at 4.) Defendants further claim that BANA and SPS provided notices to Plaintiff regarding potential foreclosure due to missed payments. (*Id.*) Defendants allege that on November 12, 2019, SPS delivered a letter to Plaintiff, informing Plaintiff that a foreclosure sale for his property was scheduled for December 4, 2019. (Doc. 9-6.) Ultimately, the foreclosure sale was continued for nearly three years, and the property was eventually sold on September 6, 2022. (*See* Docs. 9-7; 9-8.)

Plaintiff filed his original Complaint on September 1, 2022. (Doc 1.) The SPS Defendants filed a Motion to Dismiss (Doc. 10.) Without seeking leave Plaintiff filed his First Amended Complaint ("FAC"), (Doc. 13.), whereby he added the Buchalter Defendants as additional defendants. Both sets of Defendants filed Motions to Dismiss, which the Court granted without prejudice. (Doc. 46.) Plaintiff filed his Second Amended

Complaint on August 4, 2022, to which both sets of Defendants have filed Motions to Dismiss for failure to state a claim. (Docs. 62; 64.) These Motions are now before the Court here.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'". *Id.* (quoting *Twombly*, 550 U.S. at 557).

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto*

*v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### III. DISCUSSION

As an initial matter, the Court agrees with SPS Defendants that Plaintiffs' SAC is riddled with conclusory statements that make it difficult to find a "short and plain statement showing that the [Plaintiff'] is entitled to relief" as to any of his claims. Fed. R. Civ. P. 8(a)(2). Although pro-se plaintiffs are held to a less stringent pleading standard, conclusory and vague allegations will still not support a cause of action. *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, Plaintiff does not clearly assert which claims are being brought against which Defendants. For this reason, the Court will analyze each claim as applied to both the SPS and Buchalter Defendants. As Plaintiff made only marginal, unsubstantial alterations from his FAC, this analysis largely mirrors the Court's May 11, 2023 analysis. (Doc. 46.)

Additionally, the Buchalter Defendants argue that their Motion should be granted because (1) Plaintiff failed to timely serve them and (2) Plaintiff did not file his response in accordance with LRCiv 7.2(c). (Doc. 64 at 7; Doc. 75 at 2.) Plaintiff offers evidence of service in his response (Doc. 71-1 at 3) and Defendants do not re-raise this issue in their reply (Doc. 77). However, the Court need not address the service issue because Plaintiff's claims fail to meet the 12(b)(6) pleading standard. Further, although the Court notes Plaintiff did not comply with LRCiv 7.2(c), it will use its discretion and not find this non-compliance to be "consent to the denial or granting of the motion." See LRCiv 7.2(i).

#### A. Wrongful Foreclosure

In Plaintiff's SAC, he alleges that "[t]he foreclosing party did not have standing to execute the power of sale clause in the deed of trust." (Doc. 54 at 23.) Defendants argue

that Plaintiff—like in his FAC—fails to identify which Defendant(s) he alleges committed this action. (Doc. 62 at 7.) The Court agrees. Despite the Court already directing Plaintiff to identify specific Defendants as to specific claims, his allegations fail to allege which specific Defendant took a wrongful action related to the foreclosure, let alone allege what this action was. (Doc. 46. at 9.)

As to the "standing" arguments, the SPS Defendants and the Court presume Plaintiff argues the following: (i) "the attorney or agents unlawfully signed the notice of default on behalf of the trustee"; (ii) the "foreclosing party" lacked legal authority to execute the power of sale clause in the deed of trust; (iii) there was a conspiracy and collusion of "multiple companies together" to seize Plaintiff's land: and (iv) Plaintiff never owed a debt pursuant to the Loan Agreement. (Doc. 54 at 8–10 ¶¶ 8.2, 8.17, 8.22.) These arguments are the same as those Plaintiff brought in the FAC, except that Plaintiff added "or agents" to the first argument. (Doc. 13. at 8 ¶ 8.2)

When alleging that "the attorney or agents unlawfully signed the notice of default on behalf of the trustee" Plaintiff argues that because "no copy of a license to practice law has ever been seen by Plaintiff, the attorney(s) are not licensed to practice law, therefore unable to sign the notice. (*Id.* at 9 ¶ 8.5.) Plaintiff, again, does not identify which attorney he is referencing. The Court again rejects Plaintiffs nonsensical argument that no attorney is authorized to practice law anywhere in the United States. (Doc. 46 at 7 ¶ 3.4.) Despite Plaintiff, once again, citing to *Schware v. Bd. of Bar Exam'rs of State of N.M.*, 353 U.S. 232 (1957), the Court reiterates that this case does *not* stand for such a proposition. (Doc. 46 at 9.)

Next, Plaintiff argues that the "foreclosing party lacked standing to foreclose because they did not have the legal authority to execute the power of sale clause in the deed of trust." (Doc. 54 at 10 ¶ 8.17.) Plaintiff fails to identify which Defendant he is referring to, and further fails to back his allegation with legal support. This is entirely vague and conclusory, therefore it fails to state a claim. *Ivey*, 673 F.2d at 268.

Plaintiff alleges that "multiple companies together" conspired to take his property.

(Doc. 54 at 10 ¶¶ 8.16–8.17.) He again gives no legal, or factual, support for this allegation despite being instructed to do so. (Doc. 46 at 10.)

Finally, Plaintiff alleges that foreclosure was wrongful because "the attorney has failed to prove that there was any debt" and "the defendants cannot verify there was any debt." (*Id.* at 10 ¶¶ 8.20–8.22.) Unsupported conclusory statements like this are insufficient to state a claim. Further, Plaintiff's claim contradicts itself. In the SAC, Plaintiff admits to making payments on the mortgage (loan) between 2005 and 2016. (*Id.* at 17 ¶ 15.2.) As Defendants note, this evidences assent to and the existence of the Loan Agreement. (Doc. 62 at 9.)

For these reasons, the Court does not find Plaintiff's conclusory allegations that he owes no debt on the property plausible on its face. Therefore, Plaintiff has failed to state a claim for wrongful foreclosure. *See Iqbal*, 556 U.S. at 678. Count I will be dismissed as to both the SPS and Buchalter Defendants.

### B. Violation of the Fair Debt Collection Practices Act

Plaintiff next brings a claim under the Fair Debt Collection Practices Act ("FDCPA"). He alleges that "the defendant violated one or more of the provisions contained in 15 U.S.C. §§ 1692a-1692." (Doc. 54 at 23 ¶ 18.) That said, he does not identify which Defendant(s) violated which provision, or how they violated it. It appears Plaintiff, like in his FAC, alleges only that unspecified Defendants violated the FDCPA by not being licensed to be legal debt collectors in Arizona, and were therefore engaging in fraudulent and deceptive means to attempt to collect a "purported debt." (Doc. 54 at 21 ¶¶ 19.3–19.8.) To the extent that this claim relates to the SPS Defendants, they "reiterate that they do maintain an active and valid Collection Agency License, License #0951556, with the State of Arizona." (Doc. 62 at 10; Doc. 11.) And to the extent that this claim relates to the Buchalter Defendants, Plaintiff fails to state how they are implicated, let alone any actions they took in violation of the FDCPA. Therefore, Plaintiff has failed to state a claim for a violation of the FDCPA. Count II will be dismissed as to both the SPS and Buchalter Defendants.

### C. Violation of the Truth in Lending Act

Plaintiff appears to maintain his Truth in Lending Act ("TILA") claim against only that Defendant-attorneys McCarthy and Goulding (Doc. 54 at 6 ¶ 3.1.) He appears to allege that these Defendants violated Regulation Z, Section 226.23, of the TILA by not including proper disclosures. (*Id.*) However, as the Court already made clear in its previous order, Regulation Z, Section 226.23 imposes no requirements upon lenders or their attorneys—it simply confers a right to rescind specific transactions. (*See* Doc. 46 at 11.) Because Plaintiff failed, again, to link any action to a statutory violation Plaintiff has failed to state a valid cause of action under the TILA. *See Iqbal*, 556 U.S. at 678. Furthermore, Plaintiff continues to argue that Defendants violated the TILA because the United States Supreme Court has held lawyers are not licensed to practice law in this country. (Doc. 54 at 4 ¶ 3.4.) Plaintiff again cites to *Schware*, which as previously discussed does not support that finding. Plaintiff also fails to link how an attorneys' alleged lack of licensure implicates the TILA. Therefore, the Court finds Plaintiff failed to state a claim under the TILA. *See Ivey*, 673 F.2d at 268. Count III will be dismissed as to both the SPS and Buchalter Defendants.

### D. Breach of Contract

Plaintiff next alleges that "defendant" is in breach of contract "as the original debt was zero because the Plaintiff's financial asset was exchanged for FED'S promissory notes in an even exchange or 10X face [value] of note." (Doc. 54 at 24.) Plaintiff once again did not identify which defendant he is alleging is in breach. He also does not specify which contract, or provision of a contract, he is bringing this claim under. Defendants assume this relates to the Loan Agreement. (Doc. 62 at 12.)

First, Defendants are correct that there is a six-year statute of limitations for this claim, barring Plaintiff from bringing it now. *See* Ariz. Rev. Stat. § 12-548 ("An action for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward, if the indebtedness is evidenced by . . . [a] contract in writing that is executed in this state."). Even without taking this statutory limit into account, the

Court wants to reiterate that Plaintiff again contradicts himself. His SAC argues that there was a breach in, presumably, the Loan Agreement by an unspecified defendant because he owed nothing. (Doc. 54 at 24.) Then, in the same SAC, Plaintiff concedes that he made payments under the agreement, meaning the amount on the loan could not be zero. He even references that he made payments under the Loan Agreement for over ten years. (*Id.* at 17 ¶ 15.2.) As Defendants note, the only amendment Plaintiff made to his Complaint does not change that he fails to state a cognizable claim. Plaintiff amended his Complaint to allege that there was a set of conversations he had with SPS "Ombudsman Department agents" where he alleges they did not disclose the price for which they sold his home to BANA. (*Id.* at 14 ¶ 13.8.) Plaintiff, however, does not link how this equates to a breach of contract. Ultimately, like in its previous Order on the FAC, the Court cannot identify any specific factual allegations or legal support that give rise to a claim that either set of Defendants breached a contract with Plaintiff. (Doc. 46 at 12.) Therefore, Plaintiff has failed to state a claim for breach of contract. *See Iqbal*, 556 U.S. at 678. Count IV will be dismissed as to both the SPS and Buchalter Defendants.

### E. Violation of Federal Trust and Lien Laws

Next Plaintiff alleges that "[t]he defendant violated Federal Trust and Lien Laws when Veronica Eisert signed on behalf of the trustee without legal authorization." (Doc. 54 at 24.) Like with much of the previous claims, this remains unaltered from the FAC. (Doc. 46 at 19.) Plaintiff also, as Defendants note, does not mention which "laws" he is attempting to bring a claim against Defendants for violating despite being instructed to do so in this Court's previous Order. (Doc. 46 at 12.) Therefore, Plaintiff has failed to state a claim for this count. *See Iqbal*, 556 U.S. at 678. Count V will be dismissed as to both the SPS and Buchalter Defendants.

### F. Slander of Title

Plaintiff brings a claim for slander of title. Plaintiff alleges that "[t]he defendants have caused to be recorded various documents . . . including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title." (Doc. 54 at 24.) Again,

this claim is identical to the claim in the FAC.  To plead slander of title under Arizona law a plaintiff must plead: (1) the uttering and publication of the slanderous words by the defendant, (2) the falsity of the words, (3) malice, and (4) special damages.  *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 770 (D. Ariz. 2012).  Plaintiff does not specify which defendant made a false statement, or what the allegedly slanderous statement was.  If the SAC is liberally read, Plaintiff could appear to allege that any and all of the defendants acted with malice throughout the proceedings regarding his property.  *Ivey*, 673 F.2d at 268.  However, this blanket, unsupported and conclusory allegation of ill-will is nowhere close to meeting the "malice" element to make a claim for slander of title.  *Id.*  Therefore, Plaintiff has failed to state a claim for slander of title.  *See Iqbal*, 556 U.S. at 678.  Count VI will be dismissed as to both the SPS and Buchalter Defendants.

### G. Slander of Credit

Plaintiff also brings a claim for slander of credit.  He alleges that "the actions and inactions of the defendants have impaired their credit & BUSINESSES." (Doc. 54 at 24.)  The only change in this allegation from that of the FAC is the addition of the word "businesses." (Doc. 13 at 19; Doc. 54 at 24.)  First, Defendants argue that Arizona does not recognize a cause of action for slander of credit. (Doc. 62 at 15.)  However, Defendants cite that if there were such a cause of action in Arizona, the elements would be: (1) the defendant made a false defamatory statement about plaintiff, (2) the defendant published the statement to a third party, and (3) defendant knew the statement was false, acted in reckless disregard of whether the statement was true or false, or negligently failed to ascertain the truth or falsity of the statement.  (*Id.*); *Snyder*, 913 F. Supp. 2d at 778 (quoting *Farrell v. Hitchin' Post Trailer Ranch*, 2011 WL 6057930, at *2 (Ariz. Ct. App. Dec. 6, 2011)).  The Court agrees with Defendants that Plaintiff fails to make any of these showings.

To start, the only amendment Plaintiff made to this claim is adding that an unspecified set of defendants impaired not only his credit, but also his "businesses." (Doc. 54 at 24.)  He again does not state which defendant made what statement, or how that

statement was defamatory or false. Although he pleads that his credit is poor and that he has difficulty obtaining loans, he does not show how this links back to any action by either set of defendants. (*Id.*) Therefore, Plaintiff has failed to state a claim for slander of credit. *Ivey*, 673 F.2d at 268. Count VII will be dismissed as to both the SPS and Buchalter Defendants.

### H. Infliction of Emotional Distress

Finally, Plaintiff brings a claim for infliction of emotional distress. Plaintiff alleges that unspecified defendants have "intentionally or negligently taken actions" that have cause him "severe emotional distress., stress. Duress, health problems, PTSD, ETC" by sending him up to 70 letters a week, "harassing phone calls, taping or stapling papers to [his] home" and "slandering [him]" to others. (Doc. 54 at 24–25.) The Court already stated in its previous Order that these allegations are insufficient to bring a claim for intentional infliction of emotional distress. (Doc. 46 at 14.) It finds the same here.

To prove a claim of intentional or negligent infliction of emotional distress, a plaintiff must demonstrate that: "(1) the conduct by defendant was extreme and outrageous; (2) the defendant either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from his conduct; and (3) severe emotional distress actually resulted from the defendant's conduct." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 746 (9th Cir. 2004) (cleaned up). Defendants argue that Plaintiff does not allege which defendant the claim is against, who delivered the alleged letters, or what these letters said to cause his stress. (Doc. 62 at 17.) They further argue that his SAC fails to demonstrate the requisite intent for this claim. (*Id.*) The Court agrees and therefore finds Plaintiff has failed to state a claim for intentional or negligent infliction of emotional distress. *Ivey*, 673 F.2d at 268. Count VIII will be dismissed as to both the SPS and Buchalter Defendants.

### I. Leave to Amend

Plaintiff appears to request that if the Court finds the SAC is insufficient, he be granted leave to amend to "try to do it over." (Doc. 54 at 2.) Defendants argue leave to amend would be inappropriate. (Doc. 75 at 6.) Although the Court should grant leave to

amend when in the interests of justice, it should not be granted automatically. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Here, despite being given leave to amend his FAC with direction on how to cure its deficiencies, his SAC remains nearly identical. (Doc. 46.) Because Plaintiff did not make an effort to amend his FAC, the Court will not grant leave to amend now.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED granting** Defendants' Randhir Gandhi, Select Portfolio Servicing Inc., and MEB REO Loan Trust IV's Motion to Dismiss Plaintiff John Clark Buchanan's Second Amended Complaint (Doc. 62).

**IT IS FURTHER ORDERED granting** Defendants Buchalter, A Professional Corporation, Buzzi L. Shindler, and Stephen F. Best's Motion to Dismiss Plaintiff John Clark Buchanan's Complaint (Doc. 64).

**IT IS FURTHER ORDERED dismissing** all claims against Defendants' Randhir Gandhi, Select Portfolio Servicing Inc., MEB REO Loan Trust IV, Buchalter, A Professional Corporation, Buzzi L. Shindler, and Stephen F. Best with prejudice, and without leave to amend.

**IT IS FURTHER ORDERED** directing the clerk of the court to enter judgment in accordance with this Order and dismiss the above listed defendants from the case.

Dated this 20th day of March, 2024.

Honorable Susan M. Brnovich
United States District Judge