**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Clark Buchanan, II, | No. CV-22-01482-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Randhir Ghandi, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff John Clark Buchanan's "Motion for 120 Days to do Forensic Audit of Accounts & Banking Procedures which Occurred" (Doc. 91) and Plaintiff's Motion for Reconsideration of the Order granting Defendants' Randhir Gandhi, Select Portfolio Servicing Inc., and MEB REO Loan Trust IV (collectively, the "SPS Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") (Doc. 99). Defendants filed a Response to Plaintiff's Motion for Reconsideration (Doc. 102.). Finding that oral argument is not necessary to resolve the pending motions and having considered the parties' briefing and relevant case law, the Court will deny both Motions.

**I.     FACTUAL BACKGROUND**

The Court set forth this case's factual background in its previous Order denying a Temporary Restraining Order ("TRO"). (*See* Doc. 86.) For ease of reference, the Court now repeats that background here.

On July 26, 2005, Plaintiff and Bank of America, N.A. ("BANA") executed a

Promissory Note titled "Bank of America Equity Maximizer Agreement and Disclosure Statement" ("Loan Agreement"), which detailed Plaintiff's $150,000 credit line to purchase the property in question. (*See* Docs. 9 at 3; 9-1 at 2–3, 9.) The Promissory Note was secured by a Deed of Trust. (Docs. 9 at 3; 9-2 at 7.) The Deed of Trust was signed by Plaintiff and Theresa Buchanan. (Docs. 9 at 3; 9-2 at 2.) On August 15, 2005, the Deed was recorded in the Pinal County Recorder's Office as Instrument No. 2005-104177. (Docs. 9 at 3; 9-2 at 2.) BANA executed a Notice of Substitution of Trustee on August 10, 2016, naming Quality Loan Service Corporation as the Substitute Trustee under the Deed of Trust. (Docs. 9 at 3; 9-3 at 2.) BANA recorded the Notice of Substitution of Trustee with the Pinal County Recorder's Office. (Docs. 9 at 3; 9-3 at 2.)

On December 27, 2019, BANA assigned all interests in the property to the beneficiary through its servicing agent, Defendant Select Portfolio Servicing, Inc. ("SPS"). (Docs. 9 at 3–4; 9-4 at 2.) Plaintiff made timely payments under the Loan Agreement for eleven years, ceased making regular and timely payments in 2016, and stopped making payments entirely in 2017. (*See* Doc. 54 at 17.) Defendants assert that between 2016 and 2021, either BANA or SPS offered loan assistance to Plaintiff. (*See* Docs. 9 at 4; 9-5; 9-6.) Defendants claim that Plaintiff either failed to provide the necessary documents or rejected the offers for loan assistance. (Doc. 9 at 4.) Defendants further claim that BANA and SPS provided notices to Plaintiff regarding potential foreclosure due to missed payments. (*Id.*) Defendants allege that on November 12, 2019, SPS delivered a letter to Plaintiff, informing Plaintiff that a foreclosure sale for his property was scheduled for December 4, 2019. (Doc. 9-6.) Ultimately, the foreclosure sale was continued for nearly three years, and the property was eventually sold on September 6, 2022. (*See* Docs. 9-7; 9-8.)

Plaintiff filed his original Complaint on September 1, 2022. (Doc 1.) The SPS Defendants filed a Motion to Dismiss. (Doc. 10.) Without seeking leave, Plaintiff filed his First Amended Complaint ("FAC") whereby he added the Buchalter Defendants as additional defendants. (*See* Doc. 13.) Both sets of Defendants filed Motions to Dismiss,

which the Court granted without prejudice. (Doc. 46.) After receiving leave to amend, Plaintiff filed his Second Amended Complaint on August 4, 2022, to which both sets of Defendants again filed Motions to Dismiss for failure to state a claim. (Docs. 62; 64.) The Court granted both Motions. (Doc. 96.) Plaintiff now asks, in part, that the Court reconsider this Order. (Doc. 99.) Plaintiff also asks the Court to allow him 120 days for a "forensic audit" of accounts and procedures underlying this claim. (Doc. 91.)

## II.   DISCUSSION

First, the Court will address Plaintiff's "Motion for 120 Days to do Forensic Audit of Accounts & Banking Procedures which Occurred" (Doc. 91). As an initial matter, it is unclear from the Motion if Plaintiff is asking leave to conduct his own research for 120 days before the Court rules on any pending Motions, or if Plaintiff is asking the Court to order discovery on Defendants. Accordingly, the Court will address this Motion under the rules for both a motion for an extension of time and a discovery motion. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (court will liberally construe pro se pleadings).

Under the Local Rules for this District, a party requesting an extension of time must "disclose the existence of all previous extensions which have been granted concerning the matter for which an extension is sought." LRCiv 7.3(a). The requesting party also must "lodge, separate from the party's motion or stipulation, a proposed form of order consistent with the relief requested, complying with Rule 7.1(b)(3) of the Local Rules of Civil Procedure." *Id.* Here, Plaintiff notes that "120 days is needed for medical procedures" but that he has "evidence of fraud and deceit by Defendants" that "must be presented in a Jury Trial." (Doc. 91 at 2.) If this is motion for an extension of time for some portion of Plaintiff's claim(s), he fails to comply with the Local Rules. Further, Plaintiff filed this Motion on November 17, 2023, meaning even without this Court's ruling he has had over 120 days to conduct this "audit." Accordingly, insofar as Plaintiff is requesting an extension of time, his Motion (Doc. 91) is denied.

Additionally, under the Local Rules "[n]o discovery motion will be considered or

decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions." LRCiv 7.2(j). Here, if Plaintiff's motion is an attempted motion for discovery, he again fails to comply with the Local Rules. Plaintiff does not offer the Court a statement that he consulted with Defense Counsel on the timeframe or contents of this requested "forensic audit." Accordingly, insofar as Plaintiff is requesting discovery, his Motion (Doc. 91) is denied.

Next, the Court will address Plaintiff's Motion for Reconsideration. (Doc. 99.) "Motions to reconsider are appropriate only in rare circumstances." *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995). These circumstances include when the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (cleaned up).

Here, Plaintiff presents no new arguments or case law explaining why the Court's decision granting the SPS Defendants motion to dismiss warrants reconsideration, or that it amounts to clear error. As Defendants note in their response, Plaintiff's Motion includes one-hundred pages of "random and disjointed exhibits" that do not demonstrate Defendants' liability. (Doc. 102.) Instead, Plaintiff's exhibits and Motion opines on matters unrelated to the facts of *this* case and speaks broadly about outside events. The Court cannot and will not use this as a basis for reconsidering its previous decision. Further, the Court continues to remind Plaintiff to focus his analysis and facts on the claim(s) between himself and Defendants—*not* on any facts or claims outside of the

parties and alleged events here.

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED denying** Plaintiff's "Motion for 120 Days to do Forensic Audit of Accounts & Banking Procedures which Occurred" (Doc. 91).

**IT IS FURTHER ORDERED denying** Plaintiff's "Motion for Reconsideration based upon New Evidence from the Federal Reserve & Criminal Complaints & Lawsuits found Against all parties Plaintiff Buchanan is Suing" (Doc. 99).

Dated this 14th day of May, 2024.

*[Signature]*

Honorable Susan M. Brnovich
United States District Judge