WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Clark Buchanan, II,<br><br>    Plaintiff,<br><br>v.<br><br>Randhir Ghandi, et al.,<br><br>    Defendants. | No. CV-22-01482-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Bank of America N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") (Doc. 81). Finding that oral argument is not necessary to resolve the pending motions and having considered the parties' briefing and relevant case law, the Court will grant the Motion.

**I.**  **FACTUAL BACKGROUND**

The Court set forth this case's factual background in its previous Order denying a Temporary Restraining Order ("TRO"). (*See* Doc. 76.) For ease of reference, the Court now repeats that background here.

On July 26, 2005, Plaintiff and Bank of America, N.A. ("BANA") executed a Promissory Note titled "Bank of America Equity Maximizer Agreement and Disclosure Statement" ("Loan Agreement"), which detailed Plaintiff's $150,000 credit line to purchase the property in question. (*See* Docs. 9 at 3; 9-1 at 2–3, 9.) The Promissory Note was secured by a Deed of Trust. (Docs. 9 at 3; 9-2 at 7.) The Deed of Trust was signed by Plaintiff and Theresa Buchanan. (Docs. 9 at 3; 9-2 at 2.) On August 15, 2005, the Deed

was recorded in the Pinal County Recorder's Office as Instrument No. 2005-104177. (Docs. 9 at 3; 9-2 at 2.) BANA executed a Notice of Substitution of Trustee on August 10, 2016, naming Quality Loan Service Corporation as the Substitute Trustee under the Deed of Trust. (Docs. 9 at 3; 9-3 at 2.) BANA recorded the Notice of Substitution of Trustee with the Pinal County Recorder's Office. (Docs. 9 at 3; 9-3 at 2.)

On December 27, 2019, BANA assigned all interests in the property to the beneficiary through its servicing agent, Defendant Select Portfolio Servicing, Inc. ("SPS"). (Docs. 9 at 3–4; 9-4 at 2.) Plaintiff made timely payments under the Loan Agreement for eleven years, ceased making regular and timely payments in 2016, and stopped making payments entirely in 2017. (*See* Doc. 54 at 17.) Defendants assert that between 2016 and 2021, either BANA or SPS offered loan assistance to Plaintiff. (*See* Docs. 9 at 4; 9-5; 9-6.) Defendants claim that Plaintiff either failed to provide the necessary documents or rejected the offers for loan assistance. (Doc. 9 at 4.) Defendants further claim that BANA and SPS provided notices to Plaintiff regarding potential foreclosure due to missed payments. (*Id.*) Defendants allege that on November 12, 2019, SPS delivered a letter to Plaintiff, informing Plaintiff that a foreclosure sale for his property was scheduled for December 4, 2019. (Doc. 9-6.) Ultimately, the foreclosure sale was continued for nearly three years, and the property was eventually sold on September 6, 2022. (*See* Docs. 9-7; 9-8.)

Plaintiff filed his original Complaint on September 1, 2022. (Doc 1.) The SPS Defendants filed a Motion to Dismiss. (Doc. 10.) Without seeking leave Plaintiff filed his First Amended Complaint ("FAC"), (Doc. 13), whereby he added the Buchalter Defendants as additional defendants. Both sets of Defendants filed Motions to Dismiss, which the Court granted without prejudice. (Doc. 46.) Plaintiff filed his Second Amended Complaint on August 4, 2022, to which both sets of Defendants have filed Motions to Dismiss for failure to state a claim. (Docs. 62; 64.) These Motions are now before the Court.

**II.    LEGAL STANDARD**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'". *Id.* (quoting *Twombly*, 550 U.S. at 557).

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the

1 complaint, or matters of judicial notice—without converting the motion to dismiss into a
2 motion for summary judgment." *Id.* at 908.

## III. DISCUSSION

As an initial matter, the Court agrees with BANA that Plaintiffs' SAC is full of rambling allegations, conclusory allegations, and statements that make it difficult to find a "short and plain statement showing that the [Plaintiff] is entitled to relief" as to any of his claims. Fed. R. Civ. P. 8(a)(2). Although pro-se plaintiffs are held to a less stringent pleading standard, conclusory and vague allegations will still not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, Plaintiff does not clearly assert which claims are being brought against which Defendants. For this reason, the Court will analyze each claim as applied to BANA.

### A. Wrongful Foreclosure

In Plaintiff's SAC, he alleges that "[t]he foreclosing party did not have standing to execute the power of sale clause in the deed of trust." (Doc. 54 at 23.) BANA argues there can be no claim for wrongful disclosure against it because BANA was not involved in the foreclosure. BANA had transferred its interest in the loan back in 2019. The Court agrees. Plaintiff does not respond to the merits of this argument. Any wrongful foreclosure claim against BANA will be dismissed.

### B. Violation of the Fair Debt Collection Practices Act

Plaintiff next brings a claim under the Fair Debt Collection Practices Act ("FDCPA"). He alleges that "the defendant violated one or more of the provisions contained in 15 U.S.C. §§ 1692a-1692." (Doc. 54 at 23 ¶ 18.) That said, he does not identify which Defendant(s) violated which provision, or how they violated it. It appears Plaintiff, like in his FAC, alleges only that unspecified Defendants violated the FDCPA by not being licensed to be legal debt collectors in Arizona and were therefore engaging in fraudulent and deceptive means to attempt to collect a "purported debt." (Doc. 54 at 21 ¶¶ 19.3–19.8.) However, the FDCPA does not apply to: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the

extent such activity . . . (ii) concerns a debt which was originated by such person . . . ." 15 U.S.C. § 1692a(6)(F). Here, the loan originated with BANA, so the claim would not apply to BANA as a creditor. Again, Plaintiff does not address this argument in his response. Count II will be dismissed as to BANA.

### C. Violation of the Truth in Lending Act

Plaintiff alleges a violation of the Truth in Lending Act ("TILA") because he didn't read the lending documents. Plaintiff alleges that BANA representatives told him it was all boiler plate language and that he didn't need to read it, just sign it. BANA argues this claim fails because such claims are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); *see Hoang v. Countrywide Home Loans, Inc.*, No. 2:12-CV-01484-SLG, 2012 WL 7963129, at *2 (D. Ariz. Oct. 12, 2012) (noting that TILA has a one-year statute of limitations). "[T]he limitations period [for Truth in Lending Act claims] runs from the date of consummation of the transaction . . . ." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

Plaintiff seems to argue that the statute of limitations was tolled by the idea of delayed discovery. "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id.* However, "[t]he plaintiff must be diligent in discovering the critical facts. As a result, a plaintiff who did not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations, if he should have known in the exercise of due diligence." *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999), *opinion amended on denial of reh'g*, 208 F.3d 831 (9th Cir. 2000).

Here, the SAC alleges no facts that support there was anything that prevented Plaintiff from discovering nondisclosures. He merely alleges that he would not have signed the documents if he had read them. Defendant could have, in the exercise of due diligence, read the documents later or demanded a copy of the documents if they were not given to

him. Therefore, the Court finds Plaintiff failed to state a claim under the TILA.

### D. Breach of Contract

Plaintiff next alleges that "defendant" is in breach of contract "as the original debt was zero because the Plaintiff's financial asset was exchanged for FED'S promissory notes in an even exchange or 10X face [value] of note." (Doc. 54 at 24.) Plaintiff once again did not identify which Defendant he is alleging is in breach. He also does not specify which contract, or provision of a contract, he is bringing this claim under. This claim fails because there are no facts alleged to support a breach of contract claim. Additionally, BANA argues that this claim is barred by the six-year statute of limitations for this claim. *See* Ariz. Rev. Stat. § 12-548 ("An action for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward, if the indebtedness is evidenced by . . . [a] contract in writing that is executed in this state."). Plaintiff does not address Defendant's arguments in his response. This claim will be dismissed.

### E. Violation of Federal Trust and Lien Laws

Next Plaintiff alleges that "[t]he defendant violated Federal Trust and Lien Laws when Veronica Eisert signed on behalf of the trustee without legal authorization." (Doc. 54 at 24.) Plaintiff also, as Defendants note, does not mention which "laws" he is attempting to bring a claim against Defendants for violating despite being instructed to do so in this Court's previous Order. This claim does not mention BANA or appear to encompass any acts by BANA, so Count V will be dismissed as to BANA.

### F. Slander of Title

Plaintiff brings a claim for slander of title. Plaintiff alleges that "[t]he defendants have caused to be recorded various documents . . . including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes slander of title." (Doc. 54 at 24.) Again, this claim is identical to the claim in the FAC. To plead slander of title under Arizona law a plaintiff must plead: (1) the uttering and publication of the slanderous words by the defendant, (2) the falsity of the words, (3) malice, and (4) special damages. *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 770 (D. Ariz. 2012). Plaintiff does not

specify which defendant made a false statement, or what the allegedly slanderous statement was. Nevertheless, BANA did not record the Notice of Trustee's Sale which led to the foreclosure. The Deed of Trust and Assignment of Deed of Trust are the only instruments which BANA was a party to and there are no allegations that either of them contained falsities. Even if they did, any claim would by barred by the one-year statute of limitations. Ariz. Rev. Stat. § 12-541 (one year limitation on libel or slander causes of action). Plaintiff has failed to state a claim against BANA for slander of title.

### G. Slander of Credit

Plaintiff also brings a claim for slander of credit. He alleges that "the actions and inactions of the defendants have impaired their credit & BUSINESSES." (Doc. 54 at 24.) The only change in this allegation from that of the FAC is the addition of the word "businesses." (Doc. 13 at 19; Doc. 54 at 24.) First, Defendants argue that Arizona does not recognize a cause of action for slander of credit. However, Defendants cite that if there were such a cause of action in Arizona, the elements would be: (1) the defendant made a false defamatory statement about plaintiff, (2) the defendant published the statement to a third party, and (3) defendant knew the statement was false, acted in reckless disregard of whether the statement was true or false, or negligently failed to ascertain the truth or falsity of the statement. *Snyder*, 913 F. Supp. 2d at 778 (cleaned up). The Court agrees with Defendants that Plaintiff fails to make any of these showings.

To start, the only amendment Plaintiff made to this claim is adding that an unspecified set of defendants impaired not only his credit, but also his "businesses." (Doc. 54 at 24.) He again does not state which defendant made what statement, or how that statement was defamatory or false. Count VII will be dismissed as to BANA.

### H. Infliction of Emotional Distress

Finally, Plaintiff brings a claim for infliction of emotional distress. Plaintiff alleges that unspecified defendants have "intentionally or negligently taken actions" that have cause him "severe emotional distress., stress. Duress, health problems, PTSD, ETC" by sending him up to seventy letters a week, "harassing phone calls, taping or stapling papers

- 7 -

to [his] home" and "slandering [him]" to others. (Doc. 54 at 24–25.) The Court already stated in its previous Order that these allegations are insufficient to bring a claim for intentional infliction of emotional distress. (Doc. 46 at 14.) It finds the same here.

To prove a claim of intentional or negligent infliction of emotional distress, a plaintiff must demonstrate that: "(1) the conduct by defendant was extreme and outrageous; (2) the defendant either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from his conduct; and (3) severe emotional distress actually resulted from the defendant's conduct." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 746 (9th Cir. 2004) (cleaned up). Plaintiff does not allege which Defendant the claim is against, who delivered the alleged letters, or what these letters said to cause his stress. BANA points out that most of the complaints relate to the foreclosure and that BANA was not involved in the foreclosure. The Court agrees and therefore finds Plaintiff has failed to state a claim for intentional or negligent infliction of emotional distress. *Ivey*, 673 F.2d at 268. Count VIII will be dismissed.

## IV. LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up). In this case, Plaintiff has not requested leave to amend, and the Court finds that leave to amend would be futile. Plaintiff has now had three opportunities to state his claims. Plaintiff was given direction by the Court about how to accurately state a claim and has failed to make any substantial modifications. Plaintiff also continues to base his allegations on Department of Justice investigations that have nothing to do with his case. Therefore, BANA's motion will be granted, and Plaintiff will not be given leave to amend.

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED granting** Defendant Bank of America N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 81).  Plaintiff's claims will be dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in accordance with this Order and terminate the case.

Dated this 24th day of May, 2024.

*[signature]*

Honorable Susan M. Brnovich
United States District Judge